UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| COBBLESTONE WIRELESS, LLC,<br><br>*Plaintiff,*<br><br>v.<br><br>COMMSCOPE HOLDING COMPANY, INC., COMMSCOPE INC., ARRIS US HOLDINGS, INC., ARRIS SOLUTIONS, INC., ARRIS TECHNOLOGY, INC., ARRIS ENTERPRISES LLC, ARRIS INTERNATIONAL LIMITED, ARRIS GLOBAL LTD.,<br><br>*Defendants*. | Case No. 2:23-00455<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Cobblestone Wireless, LLC ("Cobblestone") files this complaint against Defendants CommScope Holding Company, Inc., CommScope, Inc., ARRIS US Holdings, Inc., ARRIS Solutions, Inc., ARRIS Technology, Inc., and ARRIS Enterprises LLC, ARRIS International Limited, and ARRIS Global Ltd. (collectively, "CommScope") alleging infringement of U.S. Patent No. 7,924,802 (the "'802 patent") (the "Patent-in-Suit" or "Asserted Patent"). Defendants ARRIS US Holdings, Inc., ARRIS Solutions, Inc., ARRIS Technology, Inc., and ARRIS Enterprises LLC, ARRIS International Limited, and ARRIS Global Ltd., and are collectively referred to as "ARRIS."

### Plaintiff Cobblestone and the Patent-in-Suit

1.  Plaintiff Cobblestone Wireless, LLC is a limited liability company organized under the laws of the State of Texas, with an address at 101 E. Park Blvd., Suite 600, Plano, Texas 75074.

1

2.      Defendant CommScope Holding Company, Inc. is a corporation organized under the laws of the State of Delaware, with its principal place of business at 1100 CommScope Place, SE, Hickory, North Carolina 28602. CommScope has as its registered agent for service: United Agent Group Inc., 3411 Silverside Road, Tatnall Building #104, Wilmington, DE, 19810.

3.      Defendant CommScope, Inc. is a corporation organized under the laws of the State of Delaware, with its principal place of business at 1100 CommScope Place, SE, Hickory, North Carolina 28602. CommScope, Inc. has as its registered agent for service: United Agent Group Inc., 3411 Silverside Road Tatnall Building #104, Wilmington, DE 19810. On information and belief, CommScope, Inc. is a wholly owned subsidiary of CommScope Holding Company.

4.      Defendant ARRIS US Holdings, Inc. is a corporation organized under the laws of the State of Delaware, with its principal place of business at 3871 Lakefield Drive, Suwanee, GA 30042. ARRIS US Holdings, Inc. has as its registered agent for service: United Agent Group Inc., 3411 Silverside Road Tatnall Building #104, Wilmington, DE 19810. On information and belief, ARRIS US Holdings, Inc. is a subsidiary of CommScope Holding Company.

5.      Defendant ARRIS Solutions, Inc. is a corporation organized under the laws of the State of Delaware, with its principal place of business at 3871 Lakefield Drive, Suwanee, GA 30042. ARRIS Solutions, Inc. has as its registered agent for service: United Agent Group Inc., 5444 Westheimer #1000, Houston, TX 77056-3218. On information and belief, ARRIS Solutions, Inc. is a subsidiary of CommScope Holding Company. ARRIS Solutions, Inc. has been registered to do business in the state of Texas under Texas SOS file number 802879954.

6.      Defendant ARRIS Technology, Inc. is a corporation organized under the laws of the State of Delaware, with its principal place of business at 3871 Lakefield Drive, Suwanee, GA 30042. ARRIS Technology, Inc. has as its registered agent for service: United Agent Group Inc., 3411

Silverside Road Tatnall Building #104, Wilmington, DE 19810. On information and belief, ARRIS Technology, Inc. is a subsidiary of CommScope Holding Company.

7. Defendant ARRIS Enterprises LLC is a limited liability company organized under the laws of the State of Delaware, with its principal place of business at 3871 Lakefield Drive, Suwanee, GA 30042. ARRIS Enterprises LLC has as its registered agent for service: United Agent Group Inc., 3411 Silverside Road Tatnall Building #104, Wilmington, DE 19810. On information and belief, ARRIS Enterprises LLC is a subsidiary of CommScope Holding Company.

8. Defendant ARRIS International Limited is a private limited company duly organized and existing under the laws of England and Wales. On information and belief, ARRIS International Limited is a subsidiary of CommScope Holding Company.

9. Defendant ARRIS Global Ltd. is a private limited company duly organized and existing under the laws of England and Wales. On information and belief, ARRIS Global Ltd. is a subsidiary of CommScope Holding Company.

10. CommScope Holding Company, Inc. acquired ARRIS in 2019. Upon information and belief, CommScope Holding Company is the parent corporation of ARRIS.

11. Upon information and belief, all Defendants are a single combined "CommScope" company. The online websites for Defendants are combined into a single "CommScope" presence. For example, the ARRIS web domain (www.arris.com) re-directs the public to the CommScope web domain (www.commscope.com).

### Jurisdiction and Venue

12. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

13.     This Court has personal jurisdiction over CommScope in this action because CommScope has committed acts of infringement within this District giving rise to this action, has a regular and established place of business in this District, and has established minimum contacts with this forum such that the exercise of jurisdiction over CommScope would not offend traditional notions of fair play and substantial justice. CommScope, directly and/or through subsidiaries or intermediaries, conducts its business extensively throughout Texas, by shipping, distributing, offering for sale, selling, and advertising its products and/or services in the State of Texas and the Eastern District of Texas, regularly does business or solicits business, engages in other persistent courses of conduct, and/or derives substantial revenue from products and/or services provided to individuals in the State of Texas, and commits acts of infringement of Plaintiff's Patent in this District by, among other things, making, using, importing, offering to sell, and selling products and/or services that infringe the Asserted Patent, including without limitation the 802.11ac and 802.11ax-compliant station and access point products accused of infringement in this case offered by CommScope.

14.     CommScope, directly and/or through subsidiaries or intermediaries, has purposefully and voluntarily placed one or more products and/or services in the stream of commerce that practice the Asserted Patent with the intention and expectation that they will be purchased and used by consumers in the Eastern District of Texas. These products and/or services have been and continue to be purchased and used in the Eastern District of Texas.

15.     Venue as to CommScope is proper in this District under 28 U.S.C. §§ 1391 and 1400(b). On information and belief, CommScope resides in this District and/or has committed acts of infringement and has a regular and established place of business in this District.

16.     For example, CommScope has regular and established places of business in the Eastern District of Texas, including at 2601 Telecom Parkway, Richardson, Texas 75082, 11312 S. Pipeline Road, Euless, Texas 76040, and 4101 W. Military Highway A, McAllen, Texas 78053. Additionally, ARRIS has regular and established places of business in Texas, including at 4516 Seton Center Pkwy, Austin, Texas 78759 and/or 5300 Hollister St., Houston, Texas 77040. Upon information and belief, ARRIS maintained a regular and established place of business in Plano, Texas, prior to its acquisition by CommScope in 2019.

17.     Venue is also proper in this District pursuant to 28 U.S.C § 1391(c)(3) on the basis that ARRIS International Limited and ARRIS Global Ltd are not residents of the United States.

### Count 1 – Claim for infringement of the '802 patent.

18.     Cobblestone incorporates by reference each of the allegations in paragraphs 1–17 above and further alleges as follows:

19.     Plaintiff owns by assignment all rights, title, and interest in U.S. Patent No. 7,924,802 (the "'802 Patent"), entitled "Wireless Communication Systems and Methods." The '802 Patent was duly and legally issued by the United States Patent and Trademark Office on April 12, 2011. A true and correct copy of the '802 Patent is attached as Exhibit 1.

20.     On information and belief, CommScope makes, uses, offers for sale, sells, and/or imports certain products ("Accused Instrumentalities"), including 802.11ac and 802.11ax-compliant station and access point products that support 80+80 MHz channel width, including without limitation Ruckus R750, that directly infringe, literally and/or under the doctrine of equivalents, at least Claim 1 of the '802 Patent.

21.     CommScope also knowingly and intentionally induces infringement of at least Claim 1 of the '802 Patent in violation of 35 U.S.C. § 271(b). Through at least the filing and service of this

Complaint, CommScope has had knowledge of the '802 Patent and the infringing nature of the Accused Instrumentalities. Despite this knowledge of the '802 Patent, CommScope continues to actively encourage and instruct its customers and end users (for example, through user manuals and online instruction materials on its website) to use the Accused Instrumentalities in ways that directly infringe the '802 Patent. CommScope does so knowing and intending that its customers and end users will commit these infringing acts. CommScope also continues to make, use, offer for sale, sell, and/or import the Accused Instrumentalities, despite its knowledge of the '802 Patent, thereby specifically intending for and inducing its customers to infringe the '802 Patent through the customers' normal and customary use of the Accused Instrumentalities.

22. CommScope has also infringed, and continue to infringe, at least Claim 1 of the '802 Patent by selling, offering for sale, or importing into the United States, the Accused Instrumentalities, knowing that the Accused Instrumentalities constitute a material part of the inventions claimed in the '802 Patent, are especially made or adapted to infringe the '802 Patent, and are not staple articles or commodities of commerce suitable for non-infringing use. CommScope has been, and currently is, contributorily infringing the '802 Patent in violation of 35 U.S.C. §§ 271(c) and (f).

23. The Accused Instrumentalities satisfy all claim limitations of one or more claims of the '802 Patent. A claim chart comparing independent claim 1 of the '802 Patent to representative Accused Instrumentalities is attached as Exhibit 2.

24. By making, using, offering for sale, selling and/or importing into the United States the Accused Instrumentalities, CommScope has injured Plaintiff and are liable for infringement of the '802 Patent pursuant to 35 U.S.C. § 271.

25. As a result of CommScope's infringement of the '802 Patent, Plaintiff is entitled to monetary damages in an amount adequate to compensate for CommScope's infringement, but in no

event less than a reasonable royalty for the use made of the invention by CommScope, together with interest and costs as fixed by the Court.

## Jury Trial Demanded

26.     Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Cobblestone requests a trial by jury of any issues so triable by right.

## Prayer for Relief

Plaintiff Cobblestone respectfully requests the following relief from this Court:

A.      A judgment in favor of Cobblestone that CommScope has infringed, either literally and/or under the doctrine of equivalents, the '802 Patent, and that the '802 Patent are valid, enforceable, and patent-eligible;

B.      A judgment and order requiring CommScope to pay Cobblestone compensatory damages, costs, expenses, and pre-judgment and post-judgment interest for its infringement of the Asserted Patent, as provided under 35 U.S.C. § 284;

C.      Any and all injunctive and/or equitable relief to which Cobblestone may be entitled including, but not limited to, ongoing royalties with respect to CommScope's infringement of the '802 Patent;

D.      A judgment and order requiring CommScope to provide an accounting and to pay supplemental damages to Cobblestone, including, without limitation, pre-judgment and post-judgment interest;

E.      A judgment and order finding that this case is exceptional under 35 U.S.C. § 285, and an award of Cobblestone's reasonable attorney's fees and costs; and

F.      Any and all other relief to which Cobblestone may be entitled.

| | |
|---|---|
| Dated:  September 29, 2023 | Respectfully submitted,<br><br>*/s/ Reza Mirzaie*<br>*/s/ Reza Mirzaie*<br>Reza Mirzaie<br>CA State Bar No. 246953<br>Marc A. Fenster<br>CA State Bar No. 181067<br>Neil A. Rubin<br>CA State Bar No. 250761<br>Christian W. Conkle<br>CA State Bar No. 306374<br>Amy E. Hayden<br>CA State Bar No. 287026<br>Jonathan Ma<br>CA State Bar No. 312773<br>Jacob R. Buczko<br>CA State Bar No. 269408<br>Peter Tong<br>TX State Bar No. 24119042<br>Matthew D. Aichele<br>VA State Bar No. 77821<br>RUSS AUGUST & KABAT<br>12424 Wilshire Boulevard, 12th Floor<br>Los Angeles, CA  90025<br>Telephone: 310-826-7474<br>Email: rmirzaie@raklaw.com<br>Email: mfenster@raklaw.com<br>Email: nrubin@raklaw.com<br>Email: cconkle@raklaw.com<br>Email: ahayden@raklaw.com<br>Email: jma@raklaw.com<br>Email: jbuczko@raklaw.com<br>Email: ptong@raklaw.com<br>Email: maichele@raklaw.com<br><br>***ATTORNEYS FOR PLAINTIFF,***<br>***COBBLESTONE WIRELESS, LLC*** |