IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| COBBLESTONE WIRELESS, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 2:23-cv-00455-JRG-RSP |
| v. | ) |
| | ) **JURY TRIAL DEMANDED** |
| COMMSCOPE HOLDING COMPANY, | ) |
| INC., COMMSCOPE INC., ARRIS US | ) |
| HOLDINGS, INC., ARRIS SOLUTIONS, | ) |
| INC., ARRIS TECHNOLOGY, INC., ARRIS | ) |
| ENTERPRISES LLC, ARRIS | ) |
| INTERNATIONAL LIMITED, ARRIS | ) |
| GLOBAL LTD., | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS COMMSCOPE HOLDING COMPANY, INC.'S, COMMSCOPE INC.'S, ARRIS US HOLDINGS, INC.'S, ARRIS SOLUTIONS', ARRIS TECHNOLOGY, INC.'S, ARRIS ENTERPRISES LLC'S, ARRIS INTERNATIONAL LIMITED'S, ARRIS GLOBAL LTD.'S ANSWER AND COUNTERCLAIMS**

Defendants CommScope Holding Company, Inc., CommScope Inc., ARRIS US Holdings, Inc., ARRIS Solutions, ARRIS Technology, Inc., ARRIS Enterprises LLC, ARRIS International Limited, ARRIS Global Ltd. (collectively, "Defendants") hereby answer the complaint and provide their counterclaims. Except as expressly admitted below, Defendants deny the allegations in the complaint. As a general matter, Defendants note that Plaintiff drafted many of its allegations in terms of a collective group of "CommScope" or "ARRIS" entities without specifying whether the allegations refer to one or more than one of the entities in the group (and if more than one, which ones). Therefore, unless stated otherwise, a statement that Defendants admit an allegation means that Defendants admit the allegation as to at least one of the entities, but not necessarily

1

each individual entity because Plaintiff did not clarify which specific individual entities the allegation refers to.

### Plaintiff Cobblestone and the Patent-in-Suit

1. Admitted that Plaintiff is a Texas limited liability company. Otherwise, Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

2. Admitted that CommScope Holding Company, Inc. is a corporation organized and existing under the laws of the State of Delaware, with a place of business in Hickory, North Carolina and that CommScope Holding Company, Inc. has a registered agent in Wilmington, DE. Any remaining allegations are denied.

3. Admitted that CommScope, Inc. is a corporation organized under the laws of the State of Delaware with its principal place of business in Hickory, North Carolina and that CommScope Holding Company, Inc. is the parent of CommScope, Inc. Any remaining allegations are denied.

4. Admitted that ARRIS US Holdings, Inc. is a corporation organized under the laws of the State of Delaware and that ARRIS US Holdings, Inc. has a registered agent in Wilmington, DE. Any remaining allegations are denied.

5. Denied.

6. Admitted that ARRIS Technology, Inc. is a corporation organized under the laws of the State of Delaware and that ARRIS Technology, Inc. has a registered agent in Wilmington, DE. Any remaining allegations are denied.

7. Admitted that ARRIS Enterprises LLC is a limited liability company organized under the laws of the State of Delaware and that ARRIS Enterprises LLC has a registered agent in Wilmington, DE. Any remaining allegations are denied.

8. Admitted that ARRIS International Limited is organized under the laws of the United Kingdom. Any remaining allegations are denied.

9. Admitted that ARRIS Global Ltd. is organized under the laws of the United Kingdom. Any remaining allegations are denied.

10. Admitted that a CommScope entity previously acquired an ARRIS entity in 2019. Otherwise, denied.

11. Admitted that the address www.arris.com currently redirects to https://www.commscope.com/. Otherwise, denied.

**Jurisdiction and Venue**

12. Admitted, for the purpose of the present action, that this Court has subject matter jurisdiction over this action and that this action arises under the patent laws. Defendants deny that the action has any merit and any remaining allegations.

13. Denied.

14. Denied.

15. Denied that all the entities defined collectively to be "CommScope" resides in this District and/or has committed acts of infringement and have a regular and established place of business in this District and therefore Defendants deny the allegations in this paragraph.

16. Admitted, for the purpose of this action and as of the time of this complaint, a CommScope entity maintains a regular and established place of business at 2601 Telecom

Parkway, Richardson, Texas 75082.  Defendants deny that all the entities defined collectively to be "CommScope" or "ARRIS" correspond to the listed locations and therefore deny any remaining allegations in this paragraph.

17.    Admitted that 28 U.S.C. § 1391(c)(3) states that a defendant not resident in the United States may be sued in any judicial district, including this one.  Defendants, however, deny that this means venue is proper under this statute for CommScope or ARRIS defendants that are residents of the United States.

## Count 1 – Claim for infringment of the '802 patent

18.    Defendants incorporates its responses to the foregoing paragraphs.

19.    Admitted that the Patent Office issued the patent on the recited date and that a copy of it was attached to the Complaint.  Otherwise, Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

20.    Denied.

21.    Denied.

22.    Denied.

23.    Denied.

24.    Denied.

25.    Denied.

## Jury Trial Demanded

26.    Admitted that Cobblestone requests a jury trial.

## Prayer for Relief

Defendants deny that Cobblestone is entitled to any relief whatsoever, either as prayed for or otherwise.

4

### Defenses

Defendants assert the following defenses against the patent-in-suit and reserves the right to allege additional defenses as they become known through discovery or otherwise.

### First Defense

Defendants do not infringe the claims of the patents-in-suit directly or indirectly.

### Second Defense

One or more of the claims of the patents-in-suit are invalid for failure to satisfy one or more of the provisions of Title 35 of the United States Code, including, but not limited to in 35 U.S.C. §§ 101, 102, 103, and 112.

### Third Defense

Upon information and belief, the relief sought by plaintiff is barred or limited in whole or in part by the failure to mark as required by 35 U.S.C. § 287.

### Fourth Defense

Plaintiff's claims are barred in whole or in part under the doctrine of prosecution history / file wrapper estoppel.

### Fifth Defense

Plaintiff's claims are barred in whole or in part by the equitable doctrines of waiver, estoppel, laches and/or unclean hands.

### Sixth Defense

Plaintiff's claims fail to state facts sufficient to state claims for which relief can be granted.

## Counterclaims

For counterclaims, the Counterclaim Plaintiffs alleges as follows:

## Nature of the Action

1. These counterclaims are for declaratory judgments of non-infringement and invalidity for U.S. Patent No. 7,924,802 ("the '802 patent").

## Parties

2. CommScope Holding Company, Inc. is a corporation organized and existing under the laws of the State of Delaware, with a place of business in Hickory, North Carolina. CommScope, Inc. is a corporation organized under the laws of the State of Delaware with its principal place of business in Hickory, NC. These are the "Counterclaim Plaintiffs."

3. Upon information and belief, Cobblestone Wireless, LLC ("Cobblestone") is a limited liability company organized under the laws of the State of Texas.

## Jurisdiction and Venue

4. This Court has subject matter jurisdiction over these counterclaims under 28 U.S.C. §§ 1331, 1338(a), 28 U.S.C. §§ 2201, 2202, and 35 U.S.C. §§ 271, et seq.

5. This Court has personal jurisdiction over Cobblestone.

6. Venue is proper in this district against Cobblestone.

## First Counterclaim
### Declaratory Judgment of Non-Infringement of the '802 Patent

7. The Counterclaim Plaintiffs incorporate by reference the prior allegations.

8. Cobblestone alleges that the Counterclaim Plaintiffs infringe the '802 patent.

9. The Counterclaim Plaintiffs do not infringe and have not infringed any valid claim of the '802 patent under any theory of infringement.

10. Accordingly, there exists an actual and justiciable controversy as to whether the Counterclaim Plaintiffs infringes any valid claim of the '802 patent.

11. The Counterclaim Plaintiffs request a judicial determination and declaration that they do not infringe any valid claim of the '802 Patent.

## Second Counterclaim
## Declaratory Judgment of Invalidity of the '802 Patent

12. The Counterclaim Plaintiffs incorporate by reference the prior allegations.

13. The Counterclaim Plaintiffs assert that claims of the '802 Patent are invalid for failure to satisfy one or more of the provisions of Title 35 of the United States Code, including, but not limited to in 35 U.S.C. §§ 101, 102, 103, and 112.

14. Accordingly, there exists an actual and justiciable controversy as to whether the claims of the '802 patent are valid.

15. The Counterclaim Plaintiffs request a judicial determination and declaration that the claims of the '802 patent are invalid.

## Prayer for Relief

Defendants and Counterclaim Plaintiffs pray for the following relief:

A. Cobblestone's asserted cause of action be dismissed with prejudice and Cobblestone take nothing;

B. A judgment and order in favor of Defendants on Cobblestone's asserted cause of action;

C. A judgment and order declaring that the claims of the Cobblestone's patent-in-suit are invalid;

7

D. A judgment and order declaring that Defendants and Counterclaim Plaintiffs have not and do not infringe the claims of patent-in-suit and a judgment and order declaring that they have not and do not infringe the claims of the patent-in-suit;

E. A judgment and order requiring Cobblestone to pay all costs, including all disbursements and attorney fees, if this case is found to be exceptional as provided by 35 U.S.C. §285; and

F. Such other and further relief that this Court may deem just and equitable.

### Demand for a Jury Trial

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Defendants and Counterclaim Plaintiffs demands a trial by jury of all issues so triable whether as to Cobblestone's claims, the foregoing defenses, or the foregoing counterclaims.

Dated: January 23, 2024

Respectfully submitted,

/s/ Eric H. Findlay
Eric H. Findlay
State Bar No. 00789886
Brian Craft
State Bar No. 04972020
FINDLAY CRAFT, P.C.
7270 Crosswater Avenue, Suite B
Tyler, Texas 75703
Telephone: (903) 534-1100
Email: efindlay@findlaycraft.com
Email: bcraft@findlaycraft.com

***Attorneys for Defendants***

## **CERTIFICATE OF SERVICE**

The undersigned hereby confirms that on January 23, 2024, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing via electronic mail to all counsel of record.

/s/ Eric H. Findlay
Eric H. Findlay
